CAUSE NO. 2018CVF000358D3

| Juan Castillo | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff*, | § | |
| | § | |
| | § | 341st JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| JLG Industries, Inc., Oshkosh Corporation and Jorge Estrada | § | |
| | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**(SUBJECT TO MOTION TO REMAND[1])**

TO THE HONORABLE TEXAS DISTRICT COURT:

NOW COMES Juan Castillo referred to herein as "Plaintiff" and file this Plaintiff's Original Petition complaining of Defendants JLG Industries, Inc., Oshkosh Corporation and Jorge Estrada, herein referred to as "Defendants" and for numerous causes of action as hereinafter stated would respectfully show as follows:

**I.**
**DISCOVERY TRACK**

Plaintiff plead that this case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

---

[1] This pleading is being amended to include additional facts as a matter of course because it is filed within 21 days of the notice of removal, a pleading to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B).

## II.
### PARTIES

Plaintiff, Juan Castillo is an individual resident of Webb County, Texas.

Defendant, JLG Industries, Inc. can be served by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, for mailing of citation and service at JLG Industries, at JLG Drive, Mocconnellsburg, PA 17233. Defendant engages in business in Texas but has not designated an agent for service of process, and this suit arose from defendant's business in Texas.

Defendant, Oshkosh, Corporation, may be served by serving its registered agent for service CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201-3136

Defendant, Jorge Estrada, is an individual resident and citizen of Texas who may be served with citation at 13802 N. Unitek Drive, Laredo, Texas.

## III.
### JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this civil action because the amount in controversy exceeds the minimal jurisdictional limits of this Court.

Venue is appropriate in Webb County under Section 15.002(a)(1) and 15.005 of the Texas Civil Practice and Remedies Code in that it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
### CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $1,000,000 in an amount to be determined by the jury, and requests judgment for all other relief to which Plaintiffs are entitled. Only claims under the laws of the State of Texas are alleged herein and there are no federal causes of action alleged.

## V.
### BACKGROUND FACTS

On February 1, 2018, Defendant Jorge Estrada was the warehouse manager in control of all personnel and scissor lifts on site at the warehouse where and when Juan Castillo was injured.

Jorge Estrada was responsible and had a duty to train and supervise all subordinates under his control who were operating the scissor lifts on site at the warehouse where and when Juan Castillo was injured.

Jorge Estrada was in control at the warehouse and was the individual ultimately responsible for ensuring that the JLG scissor lifts were moved within the warehouse safely where and when Juan Castillo was injured. .

Jorge Estrada was or should have been in exclusive custody and control of the JLG scissor lift at issue in this case as he was ultimately responsible for the safety of all individuals in the warehouse, including Juan Castillo. Estrada had an independent duty to exercise control over the scissor lift so as to not injure others.

Plaintiff Juan Castillo was injured when Jorge Estrada negligently failed to properly train and supervise the subordinates under his control and failed to ensure that the scissor lifts were

moved safely. He failed to assign safety personal, negligently failed to exercise his control of the personal operating the scissor lifts and negligently directed the use and operation of the JLG scissor lift, a motor vehicle, at the Oshkosh Warehouse located at 13802 N. Unitek Drive, Laredo, Texas, which ultimately crushed Plaintiffs legs and fractured both of his ankles.

## VI.
### NEGLIGENCE/GROSS NEGLIGENCE

Defendants JLG Industries, Inc., Oshkosh Corporation and Jorge Estrada committed acts of omission and commission that constituted negligence and were a proximate cause of the injuries to Juan Castillo.

The actions and inactions of the Defendants were deliberately indifferent or were a conscious disregard to the safety of the Juan Castillo, for which exemplary damages are appropriate in an amount to be decided by a fair and impartial jury. The acts or omission were caused by vice principals or were activity that was authorized or ratified.

## VII.
### NEGLIGENCE UNDERTAKING

Defendant Jorge Estrada was the warehouse manager and undertook custody and control of the personnel moving the JLG scissor lifts and had an independent duty to ensure that no one was injured by the use or misuse of the lift. Jorge Estrada's acts of omission and commission constituted a negligent undertaking and were a proximate cause of the injuries to Juan Castillo.

Jorge Estrada is liable for negligently performing his duties to train and supervise the individuals under his control in operating the scissor lifts, under a negligence and negligent undertaking theory.

Jorge Estrada is also liable for failing to perform his duties under a negligent undertaking to ensure that the scissor lifts were moved in a safe manner so as to not injure Plaintiff.

Estrada actions and omissions satisfy all of the elements of 324A which are:

Estrada undertook for compensation to render services which included supervising the warehouse and its personnel and equipment for JLG and Oshkosh which he should recognize as necessary for the protection of a third person such as Castillo, and is therefore subject to liability to Castillo for physical harm resulting from his failure to exercise reasonable care because the

(a) Failure to exercise reasonable care increased the risk of such harm, or

(b) He has undertaken to perform a duty owed to Castillo, or

(c) The harm suffered because of reliance of Castillo upon the undertaking.

Estrada was charged with training and supervising the subordinates and people under his control at the warehouse where Castillo was injured. Instead, of actively and properly supervising the personnel and the moving of the scissor lifts which he had a duty to do, Estrada negligently left the personnel and the moving of the heavy equipment unsupervised and apparently stayed "in his office." Estrada's negligent acts and ommissions proximately caused young Castillo to suffer crushed legs under a heavy hydraulic scissor lift.

# VIII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Juan Castillo was caused to suffer great physical and emotional injury, including permanent disfigurement.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Juan Castillo, incurred the following damages:

1. Reasonable medical care and expenses in the past and future. These expenses were incurred for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties where they were performed;
2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
3. Physical pain and suffering in the past;
4. Mental anguish in the past;
5. Physical pain and suffering in the future;
6. Mental anguish in the future;
7. Physical impairment and disfigurement in the past;
8. Physical impairment and disfigurement which, in all reasonable probability, Plaintiff will suffer in the future;
9. Lost wages in the past; and
10. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.
11. Pecuniary loss in the past and future.

# IX.
## PUNITIVE DAMAGES

Because Defendants are guilty of gross negligence, they should have punitive damages assessed against them and awarded to Plaintiff in an amount deemed proper by the jury.

# X.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seek pre-judgment and post-judgment interest at the maximum legal rate.

# XI.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff' right to recover and Defendants' liability have been performed or have occurred.

# XII.
## JURY DEMAND

Plaintiff request a trial by jury.

# XV.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, a Defendants JLG Industries, Inc. OshKosh, and Jorge Estrada are required to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from Defendants for their actual and exemplary damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

BY: <u>"/s/ Ronald Rodriguez"</u>
Ronald Rodriguez
State Bar No. 00788306
The Law Offices of Ronald Rodriguez
A Professional Corporation
915 Victoria Street
Laredo, Texas 78040
Tel: (956) 796-1000
Fax: (956) 796-1002
Email: ron@ronaldrodriguez.com
ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The preceding document was served on counsel of record through the court's electronic document management system on this 19th day of April, 2018.

<u>/s/ Ronald Rodriguez</u>
Ronald Rodriguez